IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRANCE THOMAS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action |
| | No. 16-cv-07733 (JBS-AMD) |
| WARDEN DAVID OWENS, | |
| Defendant. | **OPINION** |

APPEARANCES:

Terrance Thomas, Plaintiff Pro Se
4324356
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

I.   **INTRODUCTION**

Plaintiff Terrance Thomas, a prisoner confined at Camden County Correctional Facility ("CCCF"), seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the CCCF warden, David Owens. Complaint, Docket Entry 1.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint without prejudice for failure to state a claim. 28
U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff seeks relief for allegedly unconstitutional
conditions of confinement during his detention in the CCCF. He
states is been sleeping on the floor of the cell due to there
being two other inmates in the cell with him. Complaint ¶ 6. He
alleges the order came directly from Warden Owens and if he
"didn't comply with that order, the other choice with [sic] to
be placed in lock-up!" *Id.* He also indicates that he has to wake
up during the night and move from his position on the floor in
order that his cellmates may use the toilet. *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints
prior to service in cases in which a plaintiff is proceeding *in
forma pauperis*. The Court must *sua sponte* dismiss any claim that
is frivolous, is malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. This action is subject to *sua
sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B)
and 1915A and 42 U.S.C. § 1997e because Plaintiff is a prisoner
proceeding *in forma pauperis* and is filing a claim about the
conditions of his confinement.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiff raises claims of unconstitutional conditions of confinement. Accepting the allegations in the complaint as true for purposes of screening only, the fact that Plaintiff slept on the floor does not in and of itself violate the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting that requiring pretrial detainees to sleep on a mattress on the floor of cells for a period of three to seven months did not violate Fourteenth Amendment due process rights). "[T]he Constitution does not mandate comfortable prisons[.]" *Rhodes v. Chapman*, 452 U.S. 337,

3

349 (1981). The Due Process Clause is only violated when the
totality of the conditions "cause[s] inmates to endure such
genuine privations and hardship over an extended period of time,
that the adverse conditions become excessive in relation to the
purposes assigned to them." *Id.* (internal citation and quotation
marks omitted). Sleeping on the floor, while undoubtedly
uncomfortable, is not enough by itself to make out a
constitutional violation. The present complaint does not allege
sufficient facts to support a reasonable inference that the
totality of the conditions at CCCF are punitive in nature.
Plaintiff must provide other facts about the conditions at CCCF
before his complaint may proceed.

As Plaintiff may be able to amend the Complaint to address
the deficiencies noted by the Court, the Court shall grant
Plaintiff leave to amend the Complaint within 30 days of the
date of this order.[1] Plaintiff should note that when an amended
complaint is filed, the original complaint no longer performs
any function in the case and cannot be utilized to cure defects
in the amended complaint, unless the relevant portion is
specifically incorporated in the new complaint. 6 Wright, Miller
& Kane, Federal Practice and Procedure 1476 (2d ed. 1990)
(footnotes omitted). An amended complaint may adopt some or all

---

[1] The amended complaint shall be subject to screening prior to
service.

4

of the allegations in the original complaint, but the

identification of the particular allegations to be adopted must

be clear and explicit. *Id.* To avoid confusion, the safer course

is to file an amended complaint that is complete in itself. *Id.*

The amended complaint may not adopt or repeat claims that have

been dismissed with prejudice by the Court.

## V.   CONCLUSION

   For  the  reasons  stated  above,  the  complaint  is  dismissed

without  prejudice  for  failure  to  state  a  claim.  An  appropriate

order follows.


**March 29, 2017**                                s/ Jerome B. Simandle
Date                                              JEROME B. SIMANDLE
                                                  Chief U.S. District Judge